# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JAMES HENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-CV-585 SEP |
| | ) | |
| CENTENE MANAGEMENT | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion of self-represented plaintiff Christopher James Henson ("Plaintiff") for Leave to Proceed *in forma pauperis*. Doc. [5]. Having reviewed the Motion and the financial information submitted in support, the Court will grant the Motion. However, upon review of the Complaint in this matter, the Court finds that this case should be dismissed for lack of proper venue.

### The Complaint

Plaintiff, an inmate at the Arizona State Prison Complex in Florence, Arizona, brings this 42 U.S.C. § 1983 civil action against twenty-four defendants ("Defendants"), including Centene Management Corporation and Centurion of Arizona. His Complaint contains two counts: (1) Fraudulent Concealment, Fraud, and Deceit; and (2) Conspiracy. *Id.* ¶¶ 51-60. All the named Defendants are related to, or involved in, a pending case filed by Plaintiff in the District of Arizona. *See Henson v. Corizon Health LLC*, No. 2:19-CV-4396-MTL-DMF (D. Ariz. June 6, 2019) (hereinafter "*Corizon Health*"). As explained by that Court, Plaintiff's claims in the Arizona suit "relate to medical care" and "a legal book [Plaintiff's] father sent him [that] had been withheld from him." Doc. 139, *Corizon Health*. Plaintiff alleges that the healthcare

providers for Arizona Department of Corrections inmates have failed "to properly address [his] serious medical needs," which include Hepatitis-C and nodules/cysts in his scrotum. Doc. 1, *Corizon Health*.

Plaintiff's § 1983 Complaint in this matter asserts that attorneys representing the Defendants in his Arizona suit have "engaged in systematic fraud directed at the integrity of the judicial process." Doc. [1] ¶ 12. Specifically, Plaintiff alleges that the attorneys and their law firms have "manufactured favorable evidence," assembled documents containing "false and misleading information," and "concealed" documents "to frustrate prisoner litigation" similar to what "the Cahill law firm did in *Williams v. Basf Catalyst LLC*," 765 F.3d 306 (3d Cir. 2014). *Id.* ¶ 6.

## Discussion

By statute, a civil action of this type may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff alleges that venue is proper in this district "because events have been directed from this District in a substantial part." Doc. [1] ¶ 49. But the only specific mention of this district in Plaintiff's Complaint is his statement that defendant "Centurion of Arizona is a

-2-

healthcare provider with its parent company, Centene Management Corp., with its global headquarters in this district." *Id.* ¶ 3.

Even assuming one of the twenty-four Defendants is located in this district, venue is still not proper here. Plaintiff does not allege that all Defendants are residents of this state, and based on the assertions in the Complaint, the Court has no reason to believe they are. *See* 28 U.S.C. § 1391(b)(1). Also, Plaintiff's claims arise entirely from events that occurred during his incarceration in the state of Arizona, and Plaintiff already has a pending case in that district. *See Corizon Health*, *supra*. Based on the allegations in the Complaint, it appears most of the Defendants and presumably all the witnesses are located in the District of Arizona. *See* 28 U.S.C. § 1391(b)(2). In short, none of the requirements of § 1391 is satisfied in this case. Therefore, venue in the Eastern District of Missouri is not proper.

As noted above, if venue is improper, the Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. *See* 28 U.S.C. § 1406(a). Here, it is not in the interest of justice to transfer this case to the District of Arizona because there is already a related matter pending there. According to the docket sheet for the Arizona suit, discovery recently closed and the dispositive motion deadline is fast approaching. If Plaintiff believes that Defendants have violated the rules of discovery in that matter, he should raise the issue before that Court. Therefore, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. [5]) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of proper venue. *See* 28 U.S.C. § 1406(a). A separate Order of Dismissal will be entered herewith.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this   27th    day of August, 2020.

                                                                         _____
                                                                         SARAH E. PITLYK
                                                                         UNITED STATES DISTRICT JUDGE